

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

O-4226.

Honorable T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

O-1595

Opinion No. O-1595
Re: Can the commissioners'
court reduce the salaries
of the county judge, dis-
trict attorney, sheriff,
district clerk, county
clerk, tax assessor-col-
lector, county treasurer,
auditor and commissioners,
and, if so, may they make
these reductions in salaries
effective beginning November
1, 1939?

Your request for an opinion on the above stated ques-
tion has been received by this Department.

Your letter reads, in part, as follows:

"Our General and Officer's Salary
funds have a sizeable deficit at this
time, and that deficit is being carried
by our County Depository in the form of
an overdraft. The County Depository,
however, does not intend to carry the
county any further on these two funds
on an overdraft basis effective as of
this date.

"We are therefore asking that you
return us a prompt opinion on the follow-
ing question: Can the Commissioners'
Court reduce salaries of county officials
as follows, and if they can, may they
make these reductions in salaries effec-
tive beginning November 1st, 1939?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"County Judge, District Attorney,
Sheriff, District Clerk, County Clerk,
Tax Collector & Assessor, County Treasurer,
Auditor, and Commissioners."

Section 13 of Article 3912e, Vernon's Civil Statutes, reads, in part, as follows:

"The commissioners' court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor-collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935 * * * *"

Article 6824, Vernon's Civil Statutes, reads as follows:

"The salaries of officers shall not be increased nor diminished during the term of office of the officers entitled thereto, provided, however, that the members of the Legislature by majority vote may at any time set their salaries at any amount within the Constitutional limit."

In construing Article 6824, supra, in the case of Arnold vs. Cass County, 289 S. W. 794, the court held that the Legislature could by statute change the method of fixing compensation for members of county commissioners' court reducing

the salaries for the unexpired term. In the case of Teafatiller vs. Kaufman County, 78 S. W. (2d) 1058, the court said in absence of any state constitutional limitation; the Legislature could lower or raise salaries of State and county public officers during the term for which such officers have been elected or appointed. In the case of Orr vs. Davis, 30 S. W. 249, referring to article 6824, supra, the court said that this Article applies to officers whose salaries are fixed by law, and in the case of Collingworth vs. Myers, 35 S. W. 4014, the court said this Article does not apply to officers whose salaries are not fixed by law and does not apply to orders of the commissioners' court auditing and fixing the amounts payable for ex officio services.

Article 3886f, Vernon's Civil Statutes, fixes the salaries of district attorneys, and such salaries are paid by the State. The commissioners' court has no right or authority to set the salary of the district attorney. However, under Article 3912e, Section 13, supra, it is the duty, and the commissioners' court is authorized to set the salary of the criminal district attorney and county attorney who performs the duty of district attorneys.

Article 1645, Vernon's Civil Statutes, reads, in part, as follows:

> "In any county having a population of thirty-five thousand (35,000) inhabitants or over, according to the preceding Federal census, or having a tax valuation of Fifteen Million Dollars ($15,000,000.00), or over, according to the last approved tax rolls, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be county auditor, who shall hold his office for two years, and who shall receive as compensation for his services one hundred and twenty-five ($125.00) dollars for each million dollars, or major portion thereof, of the assessed valuation, the annual salary to be computed from the last approved tax rolls; said annual salary from county funds shall not exceed thirty-six hundred ($3,600.00) dollars * * * *"

We are informed by the Comptroller's Office that Hill County had a population of forty thousand and thirty-six inhabitants according to the last Federal census.

As above shown, Hill County had the population of more than thirty-five thousand inhabitants; therefore, the salary of the county auditor of Hill County would be governed by Article 1645, supra.

Articles 2350 to 2350-1, inclusive, Vernon's Civil Statutes, provide for the salaries of the county commissioners in various counties. Therefore, the commissioners' court has no right or authority to fix the salaries of the county commissioners other than that provided by statute.

Section 13, Article 3912e, supra, specifically provides that the salaries of the officers named therein shall be paid in twelve equal installments of not less than the total sum earned in compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under the laws existing on August 24, 1935. This portion of the statute clearly indicates that once the salaries of such officers have been fixed, they cannot be changed during the year for which they are provided. This statute does not mention county auditors, the members of the commissioners' court or district attorneys.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that the commissioners' court has no authority to fix or change the salaries of the county commissioners, district attorney and the county auditor as these salaries are specifically set by statute.

You are further advised that the commissioners' court has the right and authority to fix the salaries of the officers named in Section 13, Article 3912e, supra, at any amount not less than the total sum earned as compensation by the officer in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935, and when such salaries have once been fixed by the commissioners' court for said officers, they cannot be changed during that year; however, the commissioners' court may change the salaries of said officers for the following year, provided such salaries are not less than the total sum earned as compensation by the officer in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935.

Honorable T. K. Wilkinson, Page 5


        Trusting that the foregoing fully answers your in-
quiry, we remain

                        Yours very truly

                    ATTORNEY GENERAL OF TEXAS

                By    Ardell Williams

                        Ardell Williams
                        Assistant

AW:RS


        APPROVED NOV 1, 1939

        Gerald C. Mann

        ATTORNEY GENERAL OF TEXAS

